IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-78, | : | No. 11-5060 |
| Defendants. | : | |

# ORDER

**AND NOW**, this **3rd** day of **October**, **2011**, upon consideration of Defendant John Doe's Motion to Quash or Modify Subpoena, and for the following reasons, it is hereby **ORDERED** that:

1)  All Defendants except John Doe 1 are **SEVERED** from this action and **DISMISSED** without prejudice.

2)  The motion (Document No. 6) is **GRANTED**.[1]

---

[1] K-Beech, Inc. brings this action against seventy-eight "John Doe" defendants, identified only by their internet protocol ("IP") addresses, for direct and contributory copyright infringement of a motion picture called *Virgins 4*. Defendants allegedly downloaded the work through BitTorrent, which allows a "swarm" of users to download and upload from each other simultaneously. Similar lawsuits attempting to join numerous Doe defendants for copyright infringement of a single work via BitTorrent have been filed around the country, including several others by K-Beech.

K-Beech has served third-party subpoenas on Defendants' internet service providers ("ISPs") to obtain the name and contact information associated with each IP address. After receiving notice from their ISPs, five Doe Defendants have filed motions to quash the subpoenas, arguing that they were improperly joined in this action. Plaintiff has not timely responded to the first such motion. The Court agrees that John Does 2 through 78 were improperly joined. Defendants may be joined if: (1) a claim is asserted against them jointly, severally, or in the alternative arising out of the same transaction or occurrence, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). A number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." *On the Cheap, LLC v. Does 1-5011*, Civ. A. No. 10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); *see also, e.g.*, Order, *W. Coast Prods., Inc., v. Does 1-535*, Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (quoting *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); *BMG Music v. Does 1-203*, Civ. A.

3) All subpoenas seeking discovery regarding all Defendants except John Doe 1 are **QUASHED**.

4) The other pending motions to quash in this case (Document Nos. 7, 8, 10, and 11) are **DENIED as moot**.

5) By **October 14, 2011**, Plaintiff shall serve a copy of this Order on every Defendant for whom it has obtained an address and the internet service providers on whom third-party subpoenas have been served. By **October 28, 2011**, Plaintiff's counsel shall file a declaration attesting that Plaintiff has complied with this provision.

6) Plaintiff shall have until **October 14, 2011** to file an amended complaint against John Doe 1, if it wishes to proceed with its claims against this Defendant.

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

No. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (severing over two hundred Doe defendants in copyright action sua sponte). Severance is warranted here because the large number of defendants could lead to dozens of motions raising unique factual and legal issues and would pose logistical difficulties at every stage of litigation. *See Boyer*, 2004 WL 835082, at *1 n.1 (noting that district court may invoke Rule 21 "for convenience . . . or to promote the expeditious resolution of the litigation"). Thus, the Court will sever all Defendants but the first named, John Doe 1, and quash all third-party subpoenas served on ISPs except as to John Doe 1. K-Beech may pursue its copyright infringement claims on an individual basis.